UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA,       )
                                                 )
    Petitioner,                   )
                                               )     No. 5:16-CV-278-JMH-REW
v.                                 )
                                               )     RECOMMENDED DISPOSITION
MICRO CAP KY INSURANCE       )
COMPANY, INC.,               )
                                                 )
    Respondent.                )

UNITED STATES OF AMERICA,       )
                                                 )
                                               )
    Petitioner,                   )     No. 5:16-CV-279-JMH-REW
v.                                 )
                                               )
CAVALLO NERO INSURANCE, INC.,  )     RECOMMENDED DISPOSITION
    Respondent.                )
                                               )
                                             )

*** *** *** ***

The Court has carefully evaluated *in camera* the full production tendered by the

Respondent entities, per *United States v. Micro Cap KY Ins. Co., Inc.*, 5:16-CV-278-

JMH-REW, DE #24 (Order), and *United States v. Cavallo Nero Ins., Inc.*, 5:16-CV-279-

JMH-REW, DE #23 (Order). The review proceeded under and applied the standards

discussed in the prior subpoena enforcement orders. The production encompassed, in

total, 140 email communications listed in the privilege logs.[1]

       Only the produced documents remain at issue, relative to subpoena compliance.

Respondents represent that they otherwise have complied with the subpoenas, and the

---

[1] The log in *Micro Cap* (DE #18) subsumed the log in *Cavallo Nero* (DE #19).

Government accepted that characterization at the October 2016 joint hearing. *See Micro Cap*, DE #24, at 3-4; *Cavallo Nero*, DE #23, at 3-4. To be clear, the Court operates under the express assumption that Respondents have produced all documents responsive to the subpoenas except those expressly listed on the privilege logs. The Court assumes, further, that email attachments referenced and included within the production (*e.g.*, completed forms, claim settlement papers, consent documents, etc.) not marked as privileged were, in fact, produced. The privilege log did not extend to such attachments. The Court thus did not analyze attachments independently for privileged status and presumes they already have been produced where relevant and responsive.

The Court has carefully turned every page and finds the privilege claims valid as to each document listed. As to each such document, the Court finds the *Reed v. Baxter*, 134 F.3d 351 (6th Cir. 1998), elements met. The documents seek legal advice in the following categories: (1) closure of the original joint captive insurer, Beveled Edge; (2) formation of the new captives, the named Respondents; (3) specific claim administration; (4) investment legality and propriety; and (5) maintenance of legal and regulatory compliance. Some of the documents, to a limited degree, do involve an aspect of business management or business considerations. However, the Court finds that each document predominately involves legal advice within the retention of the counsel involved and properly restricted to persons within the privilege sphere. As part of the basis for this finding, the Court notes and relies on the affidavit-based roster of relevant persons filed in the record in conjunction with the document production. *See Micro Cap*, DE #25; *Cavallo Nero*, DE #24. All relevant persons are either within the law firm or an agent or employee of the Respondent entities; therefore, each is inside the protective privilege

bubble. Drs. Crowe and Truett, of course, were the joint owners of Beveled Edge and are co-owners of the underlying insureds. Each used the same integrated staff to communicate regarding all matters at issue in this production and as to the affairs of the concerned entities.

The Court further finds no waiver to the limited extent some of the communications involve both Respondent entities or their underlying principals. The evolution and structure of the entities shows an integrated path from the lone captive entity (Beveled Edge) to the separate Respondents. This involved direct and thorough participation by both owners, at logical points, and much of the management and decisional information over time funneled through a common administrative source for the doctors. The owners jointly retained the law firm for the purposes of captive formation, management, and compliance. The Court sees clear commonality of interests, counsel, ownership history, management, insured operation/ownership, and personnel that, in this context, prevents waiver and keeps the privilege intact despite the separate ownership of the later captives. In assessing the protected status of relevant communications, the Court will not ignore the real-world structure of the relationships, including the joint retention of the law firm and the need for legal advice on identical issues and concerns. There is no basis for a waiver finding under federal standards, and Respondents have justified withholding all listed documents as properly privileged. *See Cooey v. Strickland*, 269 F.R.D. 643, 652 (S.D. Ohio 2010) (outlining contours of "common-interest" privilege: "The common-interest doctrine also operates to protect information disclosed to other parties, expanding coverage of the attorney-client privilege to include situations in which two or more clients with a common interest in a matter

agree to exchange information regarding the matter. The exception typically arises when the parties are either represented by the same attorney or are individually represented, but have the same goal[.]" (citations omitted)); *Broessel v. Triad Guar. Ins. Corp.*, 238 F.R.D. 215, 220 (W.D. Ky. 2006) (finding no waiver in shared attorney communications between members of mortgage insurance trade group); *Jones v. Nissan N. Am., Inc.*, No. 3:07-0645, 2008 WL 5114652, at *3 (M.D. Tenn. Dec. 2, 2008) (finding no waiver in shared attorney communications between employer and worker's compensation insurer).

Thus, the Court finds each privilege claim proper and orders no further production.

Because this is a matter referred by the District Judge, and building on the prior findings in *Micro Cap*, DE #24, and *Cavallo Nero*, DE #23, the Court **RECOMMENDS** against further subpoena enforcement as to each Respondent. Although the *Powell* factors substantially exist in the record, the parties agreed that, as of the hearing, the lone remaining matters at issue concerned the documents withheld as privileged. The Court, after plenary *in camera* review, finds the documents protected. As such, the Court should not order further production under the subpoenas at issue.

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further

appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106

S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 8th day of February, 2017.

**Signed By:**

*Robert E. Wier*

**United States Magistrate Judge**